```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALISHA SHEPHARD-SMITH          :     CIVIL ACTION
                               :
         v.                    :
                               :
PMC PROPERTY GROUP, INC.       :     NO. 25-530
```

MEMORANDUM

Bartle, J.                                          January 12, 2026

Plaintiff, Alisha Shephard-Smith, has sued PMC Property Group, Inc. ("PMC") under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 502(a)(1)(B) and § 1132(6)(1)(B). She seeks from PMC, the Plan Administrator, 100% of the benefits of the 401(k) retirement account of her deceased father Charles D. Shepard. Before the court are cross-motions for judgment on the administrative record.

I

It is undisputed that the benefit plan in issue gives the administrator discretionary authority to determine eligibility for benefits and to construe the meaning of the terms of the plan. Under these circumstances, the plan administrator is analogous to a trustee. The guiding principle in a court's review is the common law of trusts. Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 111 (2008). Accordingly, the court must review any decision not de novo but for abuse of discretion, that is under an arbitrary and capricious standard.

Viera v. Life Ins. Co. of North America, 642 F.3d 407, 413 (3d Cir. 2011).  The court must uphold the determination of the administrator unless it is "without reason, unsupported by substantial evidence or erroneous as a matter of law." Noga v. Fulton Fin. Corp. Emp. Benefits Plan, 19 F.4th 264, 275 (3d Cir. 2021) (internal quotation marks omitted).  The decision should not be disturbed if "there is sufficient evidence for a reasonable person to agree with the decision." Courson v. Bert Bell NFL Player Ret. Plan, 214 F.3d 136, 142 (3d Cir. 2000) (internal quotation marks omitted).  If, however, the Plan Administrator acts under a conflict of interest, the court must take this factor into account in deciding whether there is an abuse of discretion.  Glenn, 554 U.S. at 112; Miller v. Am. Airlines, 632 F.3d 837, 845 n.3 (3d Cir. 2011).

II

This court's review is based on the administrative record on which the parties solely rely.  See Howley v. Mellon Financial Group, 625 F.3d 788, 793 (3d Cir. 2009).

Mr. Shepard died at Fox Chase Cancer Center in Philadelphia on May 5, 2018.  It is the plaintiff's position that PMC thereafter wrongfully diverted the payment of 50% of the benefits under his 401(k) account to her brother Donald Shepard instead of paying 100% to her.  According to plaintiff, on May 4, 2018, the day before her father died, he signed

-2-

separate beneficiary forms designating her as the sole beneficiary of his 401(k) account and her and her brother as the beneficiaries of his life insurance.  Plaintiff asserts that at her request a social worker Linda Feldman at Fox Chase Cancer Center faxed the signed forms the same day to the attention of "Jasmine."  Jasmine Declet was the PMC Human Resources Director at the time.

PMC maintains that it never received the beneficiary forms as no such forms were found in Mr. Shepard's personnel files or in the files of Empower, its record keeper.  It can be inferred from emails in the record that no such documentation was in the hands of PMC at least as of July 2018.  In support of its position that it did nothing wrong, it cites Section 7.04(a) of the ERISA Plan which states that "all beneficiary designations shall be in writing on a form satisfactory to the Plan Administrator and shall only be effective when filed with the Plan Administrator during the participant's lifetime." Administrative Record at 47, Shepard-Smith v. PMC Property Group, Inc., Civ. A. No. 25-530 (E.D. Pa. Aug. 4, 2025) (Doc. # 14) ("Administrative Record").  Since there were no beneficiary designations in Mr. Shepard's file and he was unmarried at the time of his death, Section 704(c) of the Plan provides that the benefits are to be divided in equal shares

between or among his children.  See id. at 48.  Mr. Shepard had two children, plaintiff and her brother.

The record is devoid of any contemporaneous or later statement from Ms. Feldman confirming that she sent the fax or from Ms. Declet confirming that she received it.  Plaintiff, however, had in her possession and has produced in 2024 a copy of the beneficiary designation form signed on May 4, 2018 by her father and the fax cover sheet identifying the sender as Linda Feldman and the recipient as "Jasmine."  The fax number on the cover sheet matches the fax number for Ms. Declet at PMC.  The fax cover sheet states it was sent at "3:20 p.m." on May 4, 2018.  Yet the attached beneficiary designation form for Mr. Shepard's 401(k) account has the time as "11:36."  The word "Maria" also appears printed on the top of the form along with the time.  Maria has not been identified.

While Mr. Shepard died in May 2018, no effort was made to obtain distribution of the 401(k) benefits until January 2024.  At that time, Donald Shephard requested distribution of his 50% share and told PMC that he and plaintiff had agree to the even split of the funds.  Plaintiff, when informed, told PMC that her brother's statement was false and sent a copy of the May 4, 2018 beneficiary designation form and fax in her possession to Carly Quinn, the current PMC Resources Manager.  Nonetheless, as there was no beneficiary designation form in Mr.

Shepard's file during his lifetime, 50% of the benefits at PMC's direction were forwarded to Donald Shepard as he requested.

Plaintiff challenged the payment and filed an administrative appeal with PMC without success. PMC determined that it had no beneficiary designation form at the time of Mr. Shephard's death as required by the Plan and that the benefits of his 401(k) plan are properly to be divided equally between plaintiff and her brother.[1]

After PMC rejected plaintiff's claim and thereafter affirmed its decision, plaintiff filed this lawsuit seeking 100% of the benefits.

III

Plaintiff argues that PMC had a conflict of interest when it reached its decision to deny plaintiff's claim. She notes that PMC would be required to pay 50% more than was in Mr. Shepard's 401(k) account if it ruled in favor of plaintiff since 50% had already been paid out to her brother. The court agrees that this is a factor which it must consider in determining whether PMC has abused its discretion. See Glenn, 554 U.S. at 112.

---

[1]   In support of its denial of the plaintiff's administrative appeal, PMC also stated that it "cannot verify whether the Participant [Charles Shepard] validly signed the [May 4, 2018] beneficiary form." See Administrative Record, at 206. PMC no longer relies on this additional ground for denying plaintiff's claim.

After review of the administrative record, a reasonable factfinder could find that PMC received on May 4, 2018 the fax containing the beneficiary designation form signed by Charles Shepard that day and designating plaintiff as the sole beneficiary of his 401(k) account. It could then draw a reasonable inference that PMC simply lost or misplaced it. On the other hand, a reasonable factfinder could also find that PMC never received the fax and its attachments during Mr. Shepard's lifetime and that is why the beneficiary designation form was not in his file.

This court, of course, is not sitting as a factfinder to decide de novo which version is more likely. Its role is much more limited. It must simply determine whether PMC abused its discretion in coming to the conclusion it did. In making this determination, it needs to consider that PMC will save money by ruling against plaintiff.

The court has reviewed the record and taken into account that PMC will benefit financially from its decision. The court finds that PMC as the Plan Administrator did not abuse its discretion. There is no evidence of deception or improper motive. It fairly construed the terms of the Plan. PMC acted reasonably in making the decision that it did not receive the May 4, 2018 beneficiary designation form before Charles Shepard died and that plaintiff Alisha Shephard-Smith was not the sole

beneficiary of her father's 401(k) account.  She must share the benefits with her brother.

      Accordingly, the motion of defendant PMC Property Group, Inc. for judgment on the administrative record will be granted.  The motion of plaintiff Alisha Shepard-Smith for judgment on the administrative record will be denied.